ODOM, Justice
 

 (dissenting).
 

 I think the court has fallen into error in this case. It has thrown itself out of line with the settled jurisprudence of all the other states, the federal courts, including the United States Supreme Oourt. It has failed to give effect to the meaning and intent' of Act No. 107 of 1920 and section 16, art. 4, of the Constitution of 1921, authorizing the creation of trust estates in this state. The court has based its holding on the principles announced in Young v. Teutonia Bank & Trust Co., 134 La. 879, 64 So. 806, 809, and numerous cases there cited. I find no fault with the rulings made in those cases. But I think those cases have no application here.
 

 The Teutonia Bank Case was decided in 1914. At that time there was no law, in Louisiana authorizing the creation of trust estates. In fact, the creation of such estates was prohibited at that time. This court quoted approvingly the following from the opinion of the trial judge in that case:
 

 “It is repeated here that neither our law nor our jurisprudence recognizes trusts, express or implied.”
 

 The contention there made on behalf of the minor was that its money was wrongfully mingled with the funds of the bank, and that the minor continued to be the owner thereof, and “that the only legal effect of the mingling of the funds of the minor with the
 
 *1024
 
 moneys of the bank was to substitute for the .trust fund- received and mingled, a like amount to be taken out of the common fund.” The court evidently recognized that such was the effect under the common law. But the court said:
 

 “Whatever support these propositions may find in cases decided in other jurisdictions, they are contrary to our well-settled jurisprudence, based on the provisions of the Civil Code, as hereinbefore set forth.”
 

 The court then said that in the case of deposits made long before the failure of a bank it was • impossible to identify and separate them from the other funds of the bank, and it followed the jurisprudence of this state to the effect that, where such funds could not be identified, the minor was relegated to the position of a general creditor of the bank, and must share the fate of its other creditors.
 

 The bank in that case was appointed tutor ad bona of the minor under Act No. 45 of 1902. But the court was particular to point out that:
 

 “The act does not provide for a
 
 special
 
 deposit of the funds of the minor, interdict, etc., or the keeping of such funds
 
 separate and apart from the general fund of the hank."
 
 (Italics mine.)
 

 Therein lies the main distinction between that case and this one. There the bank was tutor ad bona for the minor under the Act of 1902. Here the bank was trustee for Mrs. Daugherty under Act No. 107 of 1920. There the act under consideration does not provide for any
 
 special
 
 deposit by the bank of the funds of the minor. Here the act of the Legislature authorizing a bank to become trustee, under the express provisions of which this bank (or its predecessor) was appointed, which trust it accepted and carried out, provides in section 6 that the trustee “shall deposit and keep all trust funds in
 
 their
 
 names [not in the name of the cestui que trust] as trustees in an incorporated bank or banks in this State,
 
 separate and apart from their individual funds.’’
 
 (Italics mine.)
 

 Manifestly, the intent and purpose of the Legislature in putting into the trust estate law this last-quoted provision was to dispense with the rigid and most exacting rule which theretofore prevailed under our civil law and our jurisprudence with reference to the commingling of the funds deposited by trustees in a bank and the rule that, in order to recover such funds from an insolvent bank, by preference over other depositors, it was necessary for the depositor to follow and identify the deposit even to the extent of identifying the specie or currency.
 

 Neither did the Code nor any special act of the Legislature “provide for a special deposit of the funds of minors, interdicts,” etc. But the Legislature of 1920 did provide for a special deposit of trust funds coming into the hands of a trustee appointed under the provisions of that act. Trustee banks are required by that act to deposit trust funds in their names “as trustee” and “separate and apart from their individual funds.”
 

 Under that law, the cestui que trust is not a depositor. The trustee bank itself is the depositor. The trust funds are deposited by it in its name in a special account. Therefore the relationship of creditor and debtor never exists between the cestui que trust and the trustee bank, or any other bank in
 
 *1026
 
 which such funds are deposited by it, as in the case of ordinary depositors. And just itere is where I think my associates have fallen into error.
 

 It is said in the majority opinion that Mrs. Daugherty “could not have identified her money from the funds of the other depositors and creditors of the bank, as all of these funds were intermingled in the vault, and therefore she could not demand payment in full of her claim when there was insufficient funds to pay the depositors and creditors of the bank.” It is said that she was placed in the category of a depositor or creditor of the bank.
 

 That, I think, is not true as a matter of law as I have pointed out. It is not true as a matter of fact. The trustee bank had possession of, and managed all of, the property belonging to the trust estate, collected the revenues, and deposited them in a special account. Mrs. Daugherty handled neither the property nor the revenues from it. She made no deposits. According to the agreed statement of facts, section 21, she could not withdraw the funds deposited on her own check. It was agreed “that all checks drawn in payment of the funds are signed by the trust officer of the Oanal Bank & Trust Company,” and further agreed that the “sum of $1,665.-22, the subject matter of this suit, was not carried by the Canal Bank & Trust Company as a part of its assets.” Money deposited in a bank by an ordinary depositor becomes the property of the bank, is an asset of the bank, but, by virtue of the act of deposit, the bank becomes liable to the depositor to the extent of the amoiint of the deposit. The relationship of creditor and debtor springs into existence by virtue of the deposit. Not so in a case like this. Here the bank was trustee by special act under a special law. The amount here involved was collected by it as revenue' from the trust estate, and it was deposited in a special account as the law requires. The amount admittedly did not become an asset of the bank. The relationship of creditor and debtor did not arise between Mrs. Daugherty and the bank by virtue of the deposit which the bank made as trustee. The bank owed the duty of delivering the money to her.
 

 This money having been deposited in a special account or a special deposit having been made .of it as Act No. 107 of 1020 directs, I think all Mrs. Daugherty had to do was to trace the money into the special account. That is all the act contemplates. It was not necessary that she trace the fund further than this account. No further identification was necessary. I think the rule which prevailed in this jurisdiction as. to identification does not apply to funds received by a special trustee appointed under the trust estate law and deposited and kept separate as the law directs.
 

 While, as said in the Teutonia Bank Case, supra, the rules prevailing elsewhere as to identification of such trust funds did not apply in this state at the time that case was decided, I think they do apply now where a trustee bank collects and deposits to its account as trustee (not to its own account) funds such as these.
 

 The following quoted from a case note found in 26 A. L. R. 3, illustrates the rule:
 

 “It is a principle supported by a wealth of authority that the act of a trustee in mingling trust moneys in a mixed bank account
 
 *1028
 
 does not, of itself, destroy the identity of the trust moneys so as to prevent their reclamation.”
 

 In support of this text there are cited cases from federal courts and courts of last resort from seventeen states of the Union.
 

 In the case of Leach v. Farmers’ Savings Bank of Hamburg, reported at 205 Iowa, 114, 213 N. W. 414, 217 N. W. 437, 56 A. L. R. 801, decided by the Iowa Supreme Court in April, 1927, it was held that a statute requiring banks to keep separate from its funds property received as executor or administrator does not require the bank to keep the identical money received in specie. Many other'cases to the same effect might be cited.
 

 The following quotation is taken from 39 Cyc. p. 536:
 

 “Where a trustee mingles trust money with his own, although the identical pieces of coin oír kinds of money cannot be identified, the trust money may be followed and recovered if it can be identified and traced into the general mass of the trustee’s money; and this rule applies to trust money deposited in bank to the individual account of the trustee, and in which his own money is also deposited.”
 

 Also the following from the same volume, page 538:
 

 “Where a trustee so mingles the trust fund or property with his own, or so invests it in property together with his own, that the trust fund or property cannot be separated or the amount of each ascertained, the whole mixed fund or property becomes subject to the trust, except so far as the trustee may be able to distinguish or separate his own fund or property, the burden of making such distinction or separation being on the trustee or his representative; and, this rule applies so long as any portion of the fund or property into which the trust fund or property can be traced remains.”
 

 To the same effect see sections 899 and 900, 65 Corpus Juris, pp. 972 and 973.
 

 Act No. 107 of 1920 makes a radical change in the old law. It was so intended, because section 8 of that act reads as follows:
 

 “Section 8. Be it further enacted, etc., That the provisions contained in the Revised Civil Code, and the laws of this State relative- to substitutions, Fidei Commissa, or trust dispositions, and the legitime shall not be deemed to apply to, or in any manner affect donations of the character and made in the manner provided by this Act; and all laws, or parts of laws conflicting with the provisions of this Act are repealed insofar as regards the purposes of this Act, but not otherwise.”
 

 I respectfully dissent from the majority opinion.